The Estate of Bruce B. Bort, Deceased.
Tena Bort, Petitioner-Appellee, v. Irving Eisenberg, Respondent-Appellant.

Gen. No. 50,334.

First District, Fourth Division.
September 30, 1966.
Rehearing denied October 24, 1966.

Irving Eisenberg, pro se, of Chicago, appellant.

Robert A. Sprecher and John P. Loughnane, of Chicago, for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

This is an appeal taken from an order entered in the Circuit Court of Cook County, County Department, Probate Division. Tena Bort, the petitioner and surviving widow of the decedent, and Irving Eisenberg, the respondent-attorney, are coexecutors under the will of the decedent.

On August 28, 1964, petitioner filed a petition for reimbursement in which she alleged that on May 28, 1963, there was a joint checking account in the Beverly State Bank of Chicago in the names of Tena Bort and Bruce B. Bort, in the sum of $4,392.40; that on May 23, 1963, respondent sent a letter to the petitioner in which he stated in substance that he was enclosing a consent form for the release of the $4,392.40. The letter further stated:

". . . This means we can withdraw all of it, or any part, for payment of all necessary expenses and costs in the estate. This includes courts costs, bonds if any, publications, court reporter, attorney and Executors fees, and widow's award, etc.

"Thus, I suggest withdrawing about $3,000.00 or so, leaving the remainder in the same account, and we open an account downtown where I can attend to such payments more conveniently, including retainer on account for myself, in addition to costs. You are entitled to widow's award as soon as the Inventory is filed and approved, which because of we trying to make an amicable arrangement with the grandchildren will result in some delay. . . . If you would like to be with me on this new account, meet me early next week, otherwise I can open it alone, in which case just mail the withdrawal check to me."

The balance of the letter refers to other matters being handled by respondent. The petitioner alleged that $3,-

000 was withdrawn from the account by a cashier's check, payable to the respondent, and was deposited by him. She further stated that subsequent to this transaction she was advised by members of her family that the account was in joint tenancy and that all monies deposited in such account, upon the death of decedent became her property. Petitioner thereupon requested that respondent return the $3,000. On June 3, 1963, the respondent mailed petitioner his check for $1,500, but refused to pay her the balance of the $3,000, and petitioner now prays that the respondent be ordered and directed to account for and pay to the petitioner forthwith, said money which he procured from the petitioner, together with interest thereon at the prevailing bank rate being paid by said Beverly State Bank; that such other and further relief be given as to the court may seem just and meet.

The respondent filed a reply to the petition for reimbursement in which he admitted that $3,000 was withdrawn, and that it was at the express suggestion of the petitioner that the respondent retain the sum of $1,500; that the funds involved were personal funds of the petitioner, but that all concerned presumed such bank account to be estate funds. The reply further stated that with the determination that the account was in fact a joint tenancy account, the funds became exclusively the property of the petitioner, and hence, the Probate Court should not hold any hearing on the petition, since the court has no jurisdiction of the subject matter, the funds being nonstate funds. In the alternative, the respondent stated that he had performed numerous personal services for the petitioner, who consequently had become obligated to pay fees to him accordingly. These services were: a) Transfer of title of petitioner's residence (which had been held in joint tenancy with decedent) to sole ownership of the petitioner; b) transfer of title of an automobile (held in joint tenancy) to the

sole ownership of petitioner; c) preparation of an involved income tax return; and d) other comparatively minor items.

On October 19, 1964, the Probate Court entered an order directing the respondent to turn over and deliver to the petitioner the sum of $1,500. It is from that order that the respondent appeals. The order of the court recited that:

> "And the Court having read the said petition and the answer of the respondent thereto, and having heard the testimony of said Irving Eisenberg, co-executor herein, and the arguments of counsel herein . . ."

However, the respondent was permitted to file a statement of facts in this court in which it is stated that no court reporter was present during the hearing; that the petitioner did not testify; that no testimony was given by respondent before the court, and the statements made during the argument were substantially the same as were set out in his reply. This was not denied by the petitioner.

The respondent contends in this court that the Probate Court had no jurisdiction of the subject matter since the monies involved belonged to the petitioner personally and had no connection with the estate funds; that since this is a dispute between counsel and client, with no connection as to estate matters, the trial court had no proper jurisdiction; and that even if it were held that there was jurisdiction, then the Probate Court could and should have used its equitable powers to see that counsel was properly compensated for the personal services he alleged he rendered to petitioner.

The petitioner argues that the Circuit Court of Cook County had jurisdiction to enter the order of October 19, 1964, since the Circuit Court, including all of its departments and divisions, has since January 1, 1964,

325

been a court of complete and unlimited jurisdiction, and that the respondent can assert no vested right in remedies or laws of procedure existing prior to January 1, 1964. Petitioner states that even if the Circuit Court could, in the hearing of the instant case, exercise only its pre-January 1, 1964 Probate jurisdiction, the order must be affirmed because "it was supported by evidence," and on the merits the respondent had no defense against the said order.

The petitioner calls attention to the fact that the order of the trial court from which this appeal is taken contains the statement that "the Court having . . . heard the testimony of said Irving Eisenberg, co-executor herein, and the arguments of counsel herein and being fully advised in the premises:" Petitioner cites the rule laid down in Smith v. Smith, 36 Ill App2d 55, 183 NE2d 559, that if the court signs an order which includes the words "the court was fully advised in the premises" it must mean, in the absence of any contrary indication in the order or in the record, that "the court heard adequate evidence, received enough information or listened to sufficient law and argument, as the necessity of the particular case required, to enable the court to reach what it believed to be the right decision on the issue presented." The petitioner cites other cases to the same effect. There is no question in the mind of this court that the trial court did not hold a hearing or determine the rights, if any, of the respondent to compensation for legal services rendered the petitioner in her individual capacity. The court had jurisdiction and a right to make such a determination.

The amendment to the Illinois Constitution, article VI, Schedule, par 5(a) and (c) provides:

"All . . . probate courts . . . are abolished and all their jurisdiction, judicial functions, powers and duties are transferred to the respective circuit courts; . . .

"Each court into which jurisdiction of other courts is transferred shall succeed to and assume jurisdiction of all causes, matters and proceedings then pending, with full power and authority to dispose of them and to carry into execution or otherwise to give effect to all orders, judgments and decrees theretofore entered by the predecessor courts."

The respondent had no vested right in the laws relating to procedure existing prior to January 1, 1964.

In 1 James, Illinois Probate Law & Procedure, § 4, the statement is made that any discussion regarding the rule making power of the Probate Court has become academic by virtue of the adoption of the new Judicial Article and the transfer of the jurisdiction, judicial functions, powers and duties of probate and county courts to the respective circuit courts. Also see Orlicki v. McCarthy, 4 Ill2d 342, 122 NE2d 513.

■ ■ If an attorney renders professional services he has the right to be recompensed for such services. If there is no agreement fixing the amount of compensation the attorney is entitled to receive what his services are reasonably worth. People's Cas. Claim Adjustment Co. v. Darrow, 172 Ill 62, 49 NE 1005; Mecartney v. Wallace, 214 Ill App 618; Stufflebeam v. Jewell, 155 Ill App 108. It has been said that "Courts do not desire to deprive a lawyer of an honestly earned fee for services which he has performed and to which he is entitled as compensation under the law." City Nat. Bank & Trust Co. v. Sewell, 300 Ill App 582, 21 NE2d 810.

The $3,000 checking account involved in this lawsuit was one in joint tenancy and was not connected with the estate in probate. The respondent, as coexecutor, had no right to the $1,500 involved; however, according to his allegations, there were certain services which he rendered as an attorney for his coexecutor. For such services he is entitled to compensation. There is nothing before this court to indicate that this matter was

considered by the trial court. In our opinion, the trial court, operating through one of its appointed magistrates, had the right and the duty to determine whether any claims for attorney's fees on the part of the respondent could be substantiated by hearing evidence as to the services he alleged he rendered, and to determine what the proper compensation for such services should be, then to deduct such sum, if any is found to be due the respondent, from the $1,500, and to order that the balance be turned over to the petitioner.

The judgment of the Circuit Court of Cook County, County Department, Probate Division, is reversed and remanded with directions to proceed in accordance with this opinion.

Reversed and remanded with directions.

DRUCKER, P. J. and ENGLISH, J., concur.