**Lillian N. PRESTON, for herself and all others similarly situated, Plaintiffs,**

v.

**Richard SCHWEIKER, in his official capacity as Secretary of the United States Department of Health and Human Services and The United States Department of Health and Human Services, Defendants.**

**No. F80–039 CIV.**

United States District Court,
D. Alaska, Fairbanks Division.

Jan. 27, 1983.

Daniel L. Callahan, Schendel Law Office, Fairbanks, Alaska, for plaintiffs.

Michael G. Spaan, U.S. Atty., Anchorage, Alaska, Paul Blankenstein, Mary E. Goetten, Dept. of Justice, Civil Division, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

VON DER HEYDT, District Judge.

THIS CAUSE comes before the court on defendants' motion to dismiss and plaintiff's motion for summary judgment. Jurisdiction exists pursuant to 28 U.S.C. § 1331(a), 1343(4) and 42 U.S.C. § 2000e–5(f)(3).

## I. FACTS

Plaintiff Lillian Preston is an Alaska Native who has been employed by the Indian Health Service (IHS) in Fairbanks, Alaska, since 1975. The IHS is a federal agency currently administered by the United States Department of Health and Human Services. Plaintiff was employed by IHS as a GS–04 medical records technician on December 27, 1976, the date she applied for a job as a GS–11/12 social worker with the agency. Her application was rejected by IHS officials on January 19, 1977, for the reason that she did not possess a master's degree in social work, as required by IHS standards. After exhausting administrative remedies, plaintiff filed this suit.

The amended complaint contains two counts. Only the second count remains in light of stipulated dismissal of count one. Plaintiff alleges policies and actions of defendants constitute racial discrimination in violation of 42 U.S.C. § 2000e–16 as to plaintiff individually. She further alleges that policies and actions of defendants toward plaintiff and the class are unlawful as arbitrary, capricious, an abuse of discretion and not otherwise in accordance with the Indian Preference Act. See 5 U.S.C. § 706(2)(A) (1976). Plaintiff seeks declaratory and injunctive relief regarding count two; including a redefinition of the eligibility criteria for all IHS positions excepted from general civil service job criteria.

## II. DEFENDANTS' MOTION TO DISMISS

Defendants seek to dismiss count two on the ground that plaintiff has failed to state a claim upon which relief can be granted. The motion alternatively seeks summary judgment. The alternative motion will not be addressed at this time, however, since the parties inform the court they have not adequately briefed the issues related to summary judgment.

■ Determination of a rule 12(b)(6) motion involves ruling on a question of law. See Yuba Consolidated Gold Fields v. Kilkeary, 206 F.2d 884, 889 (9th Cir.1953). The motion should not be granted unless it appears to a certainty that plaintiff would be entitled to no relief under any state of facts which could be proven. Alonzo v. ACF Property Management Inc., 643 F.2d 578, 579 (9th Cir.1981).

### 1. Claim Based on 42 U.S.C. § 2000e–16

■ The Supreme Court has held the complainant must carry the initial burden of establishing a prima facie case of racial discrimination under 42 U.S.C. § 2000e. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). This may be done by showing 1) that she belongs to a racial minority; 2) that she applied and was qualified for a job for which the employer was seeking applicants; 3) that, despite her qualifications, she was rejected; and 4) that, after her rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications. See id. In this case, plaintiff was not qualified for the job she sought. While there are significant questions concerning the legality of the job criteria at issue, it is clear that plaintiff did not have a master's degree in social work as required by IHS eligibility criteria she was subject to. As a consequence, the portion of count two alleging racial discrimination in violation of 42 U.S.C. § 2000e–16 (1976) must be dismissed for failure to state a claim.

### 2. Claim Based on APA Violations re Implementing 25 U.S.C. § 472

Defendants allege plaintiff has failed to state a claim for which relief can be granted concerning the Indian Preference Act. This challenge to the sufficiency of the pleadings is inextricably related to legal questions in plaintiff's summary judgment motion. Since defendants have addressed matters outside their pleadings; the motion to dismiss, as it pertains to the claim based on the Indian Preference Act, will be treated as a cross-motion for summary judgment. See Fed.R.Civ.P. 12(b).

## III. SUMMARY JUDGMENT MOTIONS

The motions present purely legal issues. Congress passed the Indian Reorganization

Act in 1934. Section 12 of the Act, referred to as the Indian Preference Act, provides as follows:

The Secretary of the Interior is directed to establish standards of health, age, character, experience, knowledge, and ability for Indians who may be appointed, *without regard to civil-service laws,* to the various positions maintained, now or hereafter, by the Indian Office, in the administration of functions or services affecting any Indian tribe. Such qualified Indians shall hereafter have the preference to appointment to vacancies in any such positions.

Indian Reorganization Act, ch. 576, 48 Stat. 986 (1934) (codified at 25 U.S.C. § 472) (emphasis added). This provision was intended to give Indians an employment preference when competing with non-Indians. It changed eligibility criteria for jobs by exempting Indians from civil service standards, and directed the Secretary of Interior to establish new standards applicable to Indians. This duty is currently imposed on the Secretary of Health and Human Services. *See* 42 U.S.C.A. § 2001 (1981).

*A. Omission of the Phrase in 25 U.S.C. § 472*

While the Indian Preference Act originally authorized appointments "without regard to civil service laws," the phrase was omitted from the 1976 United States Code as obsolete. *See* 25 U.S.C. § 472 (1976). The primary reason for the omission is the Act of November 26, 1940, ch. 919, 54 Stat. 1211.

This statute gave the President authority to cover into the classified civil service any offices or positions in an executive department. Positions exempted from this authority were specifically listed, and Indian positions were not among them.[1]

Plaintiff contends the phrase "without regard to civil service laws" was erroneously omitted from the 1976 codification. The court disagrees because the phrase at issue was repealed by implication.[2]

In general, repeals by implication are not favored. *Morton v. Mancari,* 417 U.S. 535, 549, 94 S.Ct. 2474, 2482, 41 L.Ed.2d 290 (1974); *Blackfeet Tribe of Indians v. Groff,* No. 81–3041 (9th Cir. Dec. 14, 1982). The Supreme Court has held that in the absence of some affirmative showing of an intention to repeal, the only permissible justification for a repeal by implication is when the earlier and later statutes are irreconcilable. *Morton v. Mancari,* 417 U.S. at 550, 94 S.Ct. at 2482. In the present case there is no affirmative showing that the Act of November 26, 1940 or its legislative history evidences a congressional intent to repeal any portion of the Indian Preference Act. The two statutes are also irreconcilable concerning the procedure by which IHS job criteria are promulgated. The 1934 legislation requires that job criteria be established for Indians "without regard to civil service laws." In contrast, the 1940 Act authorizes the President to apply classified civil service laws to IHS positions. The language of these statutes cannot be reconciled. Omission of the phrase "without re-

---

1. That notwithstanding any provisions of law to the contrary, *the President is authorized by Executive order to cover into the classified civil service any offices or positions in or under an executive department,* independent establishment, or other agency of the Government: *Provided,* That in the case of any federally owned and controlled corporation organized under the laws of any State, Territory, or possession of the United States (including the Philippine Islands), or the District of Columbia, the President is authorized to direct that such action be taken as will permit appointments to offices or positions in any such corporation to be made in accordance with the civil-service laws, consistently with the laws of any such State, Territory or possession, or the District of Columbia, or with the charter or articles of incorporation of any such corporation: *Provided further,* That the *provisions of this section shall not apply to offices or positions in the Tennessee Valley Authority or to any positions in the Work Projects Administration or to any position to which appointments are made by the President by and with the advice and consent of the Senate, or to positions of assistant United States district attorney.* Act of November 26, 1940, ch. 919, tit. I, 54 Stat. 1211 (emphasis added).

2. *But cf. Oglala Sioux Tribe of Indians v. Andrus,* 603 F.2d 707, 715 (8th Cir.1979) (opinion quoting 25 U.S.C. § 472 without omitting the obsolete phrase).

gard to civil service laws" from 25 U.S.C. § 472 (1976) was therefore proper since repeal by implication made the phrase obsolete.[3]

### B. Establishment of Standards for Indians

The remaining inquiry for the court concerning hiring standards for IHS positions is whether they were properly established at the time plaintiff was denied employment as a social worker. Defendants contend the required standards were established and plaintiff was denied the position because she was not qualified. Plaintiff counters by arguing that the standards in effect at the time she applied for the position were unlawful.

The record reveals that IHS job criteria in effect at the time plaintiff applied for the social worker position were identical to civil service regulations generally applied to health care positions throughout the federal government. In determining whether these standards were properly established for the purpose of the Preference Act, the court will need to focus on the factors considered when the standards were adopted.

Since the phrase in the Preference Act (without regard to civil service laws) was implicitly repealed by the 1940 legislation, it is obvious that civil service laws *could* be considered in establishing the required standards. An important question remains, however, as to what considerations, if any, Congress intended *must* be part of the process establishing the standards.

The court reads the legislative history of the Indian Preference Act as evidence of Congress' intent that the Secretary establish standards based on Indians' unique temperament, training and capacity. *See* 78 Cong.Rec. 11731 (1934) (remarks of Rep. Howard). There is also evidence of an intent to establish a separate Indian civil service. *See id.* at 11727. *See also* F. Cohen, Handbook of Federal Indian Law, § 4(B)(2), p. 159 (1942 ed.). It follows that Congress did not intend that there be blind transference of general civil service criteria to the context of Indian employment ad-

dressed in the Preference Act. *See Oglala Sioux Tribe of Indians v. Andrus,* 603 F.2d 707, 716–17 (8th Cir.1979).

■ It may be argued that repeal of the phrase "without regard to civil service laws" concomitantly repeals relevant legislative history. This raises difficult questions as to what portions of the legislative history have no value. In light of the repeal, the court is unable to discern with certainty those portions of the legislative history that should not be considered. Guidance is provided the court by the rule that a later act repeals an earlier one *only to the extent of the conflict. See Posadas v. National City Bank,* 296 U.S. 497, 503, 56 S.Ct. 349, 352, 80 L.Ed. 351 (1936). Determining congressional intent is also made easier by the premise that statutes adopted for the benefit of Indians are to be liberally construed with all doubts resolved in the Indians' favor. *Northern Cheyenne Tribe v. Northern Cheyenne Defendant Class of Allottees, Heirs and Devisees,* 505 F.2d 268, 272 (9th Cir.1974). *See also Squire v. Capoeman,* 351 U.S. 1, 6–7, 76 S.Ct. 611, 614–615, 100 L.Ed. 883 (1956). Under these circumstances, the court concludes that while the Secretary could consider civil service laws in establishing standards under the Preference Act, he must have considered the unique status and needs of Indians as Congress intended.

■ In determining whether the Secretary lawfully established standards, the court's analysis focuses on the burdens related to a summary judgment motion. The moving party has the initial burden of showing the absence of a genuine issue of material fact. *Feldman v. Simkins Industries, Inc.,* 679 F.2d 1299, 1305 (9th Cir. 1982). Plaintiff met this burden by alleging the Secretary failed to consider information other than published civil service job criteria, in adopting standards for Indians under the Preference Act. At this point, the burden shifted to the opponent to come forward with specific facts showing that a

---

**3.** The court additionally notes that plaintiff has made no showing that the omission was not

made in compliance with 2 U.S.C. § 285b (1976).

genuine factual issue remains for trial. Such facts must be presented in evidentiary form that is significantly probative. *Id.* Conclusory allegations unsupported by facts will not defeat a summary judgment motion. *See Angel v. Seattle-First National Bank,* 653 F.2d 1293, 1299 (9th Cir.1981). Defendants have not met their burden in this case. Based on the record, the court concludes that defendants failed to consider alternatives to the civil service criteria.

While defendants have not substantiated, by documents or otherwise, the process by which IHS standards were adopted, they maintain the standards were nonetheless lawfully adopted pursuant to the broad authority granted the Secretary. They contend the Secretary established the standards at issue in the reasoned exercise of discretion.

In general, the interpretation given a statute by officials charged with its administration is entitled to great deference. *See Griggs v. Duke Power Co.,* 401 U.S. 424, 433–34, 91 S.Ct. 849, 854–55, 28 L.Ed.2d 158 (1971); *Osborn v. American Association of Retired Persons,* 660 F.2d 740, 746 (9th Cir. 1981). The standard of judicial review is generally one of reasonableness. *See Udall v. Tallman,* 380 U.S. 1, 16–18, 85 S.Ct. 792, 801–02, 13 L.Ed.2d 616 (1965); *Columbia Basin Land Protection Association v. Schlesinger,* 643 F.2d 585, 600 (9th Cir.1981). Even a reasonable interpretation, however, may be in error if it is contrary to congressional intent and there are compelling indications that it is wrong. *See Espinoza v. Farah Manufacturing Co.,* 414 U.S. 86, 94–95, 94 S.Ct. 334, 339–40, 38 L.Ed.2d 287 (1973). *See also Red Lion Broadcasting Co. v. FCC,* 395 U.S. 367, 381, 89 S.Ct. 1794, 1801, 23 L.Ed.2d 371 (1969). The rule of deference is also tempered by a recognition of the special status given statutes adopted for the benefit of Indians. As previously stated, such statutes are to be liberally construed and all doubts are to be resolved in the Indians' favor. *Northern Cheyenne Tribe v. Northern Cheyenne Defendant Class of Allottees, Heirs and Devisees,* 505 F.2d at 272.

The court holds the Secretary did not comply with the will of Congress when standards were adopted pursuant to the Indian Preference Act. The failure to consider alternatives reflecting the special needs of Indians allows an inference that the civil service standards were blindly transferred to an employment context which the Indian Preference Act forbids. *See generally Oglala Sioux Tribe of Indians v. Andrus,* 603 F.2d at 716–17. Adoption of the standards in this manner indicates the unique needs of Indians were not given requisite consideration. Hence, the court concludes that lawful standards were not in effect at the time plaintiff applied for the social worker position.

## C. *Violations of the Administrative Procedure Act (APA)*

### 1. 5 U.S.C. § 553.

Plaintiff contends a violation of 5 U.S.C. § 553 occurred when civil service criteria were adopted as standards under the Preference Act for all IHS Positions. The effective date for this provision of the APA is September 11, 1946. The parties agree that at all times since 1934, individuals eligible for the Indian preference in 25 U.S.C. § 472 have had to comply with the same civil service standards as non-Indians seeking the same position. Plaintiff has proffered no evidence to the court that rulemaking concerning these standards has taken place since the effective date of the APA. As a consequence, summary judgment must be granted defendants to the effect that no violation of 5 U.S.C. § 553 (1976) occurred.

### 2. 5 U.S.C. § 552(a)(1)(D).

Plaintiff's contention that the standards at issue were adopted in violation of 5 U.S.C. § 552(a)(1)(D) (1976) must similarly fail because plaintiff has not met her initial burden. There is nothing in the record to show that parties responsible for establishing the standards promulgated information addressed in 5 U.S.C. § 552(a)(1)(D) after the effective date of the provision.

3. 5 U.S.C. § 706(2)(A).

■ Plaintiff alleges a violation of 5 U.S.C. § 706(2)(A) (1976) occurred due to an abuse of the discretion Congress granted for establishing standards under the Indian Preference Act. Although there is no evidence to show either the Secretary of Health, Education and Welfare (1954–1979) or the Secretary of Health and Human Services (1979 to present) changed the standards previously adopted under the Preference Act, plaintiff argues in effect that their failure to bring the standards into compliance with law constituted a continuing abuse of discretion. The court agrees. An abuse of discretion under the APA may be found if the decision is based on an improper understanding of law. *Song Jook Suh v. Rosenberg,* 437 F.2d 1098, 1102 (9th Cir.1971). In this case, the Secretaries of both HEW and HHS had a duty to see that lawful standards were established under the Indian Preference Act. Their duties arose after the effective date of the APA. Since this court has concluded the established standards are contrary to law, it follows that there has been a continuing abuse of discretion. The standards are therefore void for being an abuse of discretion and not in accordance with law. *See* 5 U.S.C. § 706(2)(A) (1976).

### D. Remand

■ Plaintiff requests the court to redefine the eligibility criteria for all positions within the Indian Health Service that are excepted from general civil service requirements. The court declines. In light of the APA violation, remand to the agency is the proper remedy. *See Asarco, Inc. v. United States Environmental Protection Agency,* 616 F.2d 1153, 1160 (9th Cir.1980); *Proietti v. Levi,* 530 F.2d 836, 838 (9th Cir.1976). Further judicial review, if necessary, will be facilitated by creation of an adequate administrative record for the agency decision.

Accordingly, IT IS ORDERED:

1) THAT defendants' motion to dismiss is granted to the effect that count two of the amended complaint fails to state a cause of action based on 42 U.S.C. § 2000e–16 (1976).

2) THAT defendants' motion to dismiss, treated as a motion for summary judgment, is denied insofar as defendants allege standards have been lawfully established under the Indian Preference Act (25 U.S.C. § 472 (1976)).

3) THAT summary judgment is granted defendants and denied plaintiff to the effect that there has been no violation of 5 U.S.C. §§ 552(a)(1)(D) and 553 (1976).

4) THAT summary judgment is granted plaintiff to the effect that standards under 25 U.S.C. § 472 (1976) have not been lawfully adopted.

5) THAT summary judgment is granted plaintiff to the effect that standards established for compliance with 25 U.S.C. § 472 (1976) were promulgated in violation of 5 U.S.C. § 706(2)(A) (1976).

6) THAT the standards established for compliance with 25 U.S.C. § 472 (1976) are void. The case is remanded to the Secretary of Health and Human Services with the direction to establish standards in compliance with the will of Congress as addressed in the statute and this memorandum.