Lillian N. PRESTON, for herself and all others similarly situated, Plaintiffs,

v.

Margaret M. HECKLER, Secretary of the Department of Health and Human Services, et al., Defendants.

No. F80–039 CIV.

United States District Court, D. Alaska.

Aug. 20, 1984.

Daniel L. Callahan, Schendel & Callahan, Fairbanks, Alaska, for plaintiffs.

Michael Spaan, U.S. Atty., Anchorage, Alaska, for defendants.

## MEMORANDUM AND ORDER

VON DER HEYDT, District Judge.

THIS CAUSE comes before the court on plaintiffs' motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (1982).

## I. 28 U.S.C. § 2412(b)

 Attorney's fees are not available pursuant to 28 U.S.C. § 2412(b) on the theory that this case was analogous to a section 1983 action for which attorney's fees are available under § 1988. *Lauritzen v. Lehman*, 736 F.2d 550 (9th Cir.1984).

## II. 28 U.S.C. § 2412(d)(1)(A)

This section provides that attorney's fees shall be "awarded to a prevailing party in a civil action against the government unless the court finds that the position of the United States was substantially justified ..." In determining whether the government's position was substantially justified, the district court must evaluate the "totality of the circumstances prelitigation and during trial." *Rawlings v. Heckler*, 725 F.2d 1192, 1196 (9th Cir.1984). The standard to be applied is one of reasonableness. If the government can show that its case had a reasonable basis both in law and in fact, no award will be made. *Id.* (citing 1980 U.S.Code Cong. & Ad.News 4953, 4984, 4989-90).

In this case, the court held that the Secretary of Health and Human Services violated the Indian Preference Act by failing to consider alternative employment standards which reflect the special needs of Indians. *Preston v. Schweiker*, 555 F.Supp. 886, 891 (D.Alaska 1983).[1] As a preliminary matter, the court held that Congress had by implication repealed a crucial clause of Section 12 of the Indian Preference Act. The court of appeals reversed this court's holding on repeal by implication but affirmed the holding that the Secretary was required to consider the unique needs and status of Indians, *Preston v. Heckler*, 734 F.2d 1359 (9th Cir.1984). Further, the court of appeals affirmed this court's finding that the Secretary had, in fact, failed to consider unique needs of Indians but rather had blindly transferred civil service standards to the Indian Health Service. *Id.* at 1373.

 In determining whether the position of the government was substantially justified, the court looks to the pre-litigation posture of the agency as well. Here, as the court of appeals noted, the Secretary has, contrary to the Indian Preference Act, consistently and uniformly applied civil service standards to Indians without any consideration of the Indian applicants' unique background. 734 F.2d at 1373. The Secretary simply had no facts to support the claim that the special circumstances of Indians had been considered. As the court of appeals noted, "to say that they [the Secretary's substantive arguments] are frivolous would be an act of generosity." *Id.*

 The Secretary claims that the fact that this case represents the first impression testing of her compliance with the Indian Preference Act and that the policies challenged were longstanding in duration evidences substantial justification. In *Rawlings*, 725 F.2d at 1196 and *Wolverton v. Heckler*, 726 F.2d 581, 583-84 (9th Cir. 1984) the Ninth Circuit although upholding fee awards below, denied petitions for fees on appeal because the appeals raised issues of first impression. While the fact that the government litigates a position for the first time may be relevant to a determination of its justification, there is nothing in the EAJA or the appellate decisions cited to suggest that an agency's position is substantially justified until tested in a court of law or because its position goes years without challenge. Furthermore, although the court's ruling is first impression, the policy of disregarding the Indian Preference Act in this manner had long been recognized as unlawful and criticized. *See Preston v. Heckler*, 734 F.2d at 1373. Although the government's position on the issue of plaintiff's standing was reasonable, the agency's larger position properly considered under the totality of circumstances was not substantially justified.

---

**1.** A second claim of racially discriminatory employment practices was dismissed with prejudice.

## III. Failure to Segregate Hours for Count I

The government argues that plaintiffs' failure to accurately segregate and document hours billed in reference to Counts I, which was dismissed, and II, upon which they prevailed, should result in a denial of any awards.

■ As a general principle, hours spent litigating claims upon which the plaintiffs did not prevail are not reasonably expended and not recoverable. *Copeland v. Marshall*, 641 F.2d 880, 891–92 (D.C.Cir. 1980); *see also Nat'l. Ass'n of Concerned Vets v. Secretary of Defense*, 675 F.2d 1319, 1327 (D.C.Cir.1982). A fee application should therefore indicate if time is excluded for unsuccessful claims and the nature of the work and number of hours involved should be stated. *Concerned Vets*, 675 F.2d at 1327–28. In this case, plaintiffs' attorneys have filed affidavits indicating the number of hours involved. *See* Callahan Aff., May 6, 1983 at ¶ 4; Schendel Supplemental Aff., May 6, 1983 at ¶ 3. The same affidavits refer to the nature of the work performed, (i.e. on Count I). The government argues that in the absence of greater documentation of the excluded time, no recovery should be allowed. To do so would be clearly arbitrary. Count I was a different legal theory complaining of essentially the same injury—failure to promote or employ Native Alaskans. To the extent, if at all, the attorneys' affidavits fall short of a statement of the nature of the hours worked and the hours involved, the court holds that Count I is not sufficiently fractionable to require greater accuracy. *See Copeland*, 641 F.2d at 892 n. 18; *Concerned Vets*, 675 F.2d at 1327 n. 13.

## IV. Billing Rates in Excess of $75.00 Per Hour

■ Attorneys Schendel and Callahan seek recovery for fees at rates in excess of $75.00 per hour. *See* Attachment A to Schendel Aff., March 30, 1983 *and* Schendel Supplemental Aff. at ¶ 3. The EAJA provides, at 28 U.S.C. § 2412(d)(2)(A)(ii):

"attorneys fees shall not be awarded in excess of $75.00 per hour unless the court determines that an increase in the cost of living ... justifies a higher fee." The higher fees billed here are justified by the increased costs of living in Fairbanks, Alaska. *See* May 6, 1983 Callahan Aff.; *see generally NRDC, Inc. v. U.S. E.P.A.*, 703 F.2d 700, 713 (3rd Cir.1983); *Impro Products, Inc. v. Block*, 569 F.Supp. 1389 (D.C. Cir.1983) (increasing awards per consumer price index); *cf. Hoopa Valley Tribe v. Watt*, 569 F.Supp. 943, 947 (N.D.Cal.1983) (expertise in Indian Law).

## V. Other Expenses

■ Plaintiffs have requested $1,059.02 in expenses. Defendants have not specifically objected to these expenses. The expenses are allowed. *See Local 3–98, Int. Woodworkers of America v. Donovan*, 580 F.Supp. 714, 717 (N.D.Cal.1984); (expenses); *Glick v. U.S. Civil Service Com'n*, 567 F.Supp. 1483 (D.C.Ill.1983) (lack of objection); *Hoopa Valley Tribe v. Watt*, 569 F.Supp. 943, 947 (law clerk fees).

Accordingly, IT IS ORDERED:

(1) Plaintiffs' motion for attorney's fees is granted;

(2) Plaintiffs may recover $29,755.00 in attorney's fees from defendant;

(3) Plaintiffs may recover $1,059.02 in expenses from defendant;

(4) The clerk may amend the final judgment as appropriate.

DATED at Anchorage, Alaska, this 20th day of August, 1984.