Theresa OCASIO, individually and on behalf of all persons similarly situated, Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.

No. 81 Civ. 4098.

United States District Court, S. D. New York.

June 15, 1982.

---

David Goldfarb, Legal Aid Society, New York City, for plaintiff; Ian F. Feldman, New York City, of counsel.

John S. Martin, Jr., U. S. Atty., S.D.N.Y., New York City, for defendant; Cathy R. Silak, Asst. U. S. Atty., New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff brought this action to review a decision of the Social Security Administration (the "Agency") denying her benefits under section 202(e) of the Social Security Act.[1] She first pursued her administrative remedies within the Agency. Unable to convince it that its interpretation of the statute was erroneous, plaintiff then filed this action, at which time government counsel quickly acknowledged the Agency's error. The case was settled pursuant to a stipulation and order filed on February 17, 1982, which corrected the Agency's interpretation of section 202(e). The stipulation awarded plaintiff no benefits, but remanded her application to the Agency for reconsideration in light of the stipulation and for a determination of whether she was dis-

abled. Plaintiff's attorneys, associated with The Legal Aid Society, now move for allowances of fees in the amount of $2,041.25 pursuant to the Equal Access to Justice Act ("EAJA" or the "Act").[2]

There is no dispute that plaintiff is a prevailing party within the meaning of the EAJA. However, the government contends that the EAJA does not apply because the attorneys' fee provision of the Social Security Act[3] provides the exclusive remedy in social security cases. This contention is without merit. Nothing in the EAJA expressly excludes its application to social security cases, and the legislative history makes explicit Congress' intent that, while the EAJA does not apply to administrative proceedings under the Social Security Act, it does cover civil actions to review social security decisions of the Agency. For example, the House Report accompanying the EAJA states that changes were made

> [t]o exclude administrative proceedings under the Social Security Act. There was much discussion whether the United States should be liable when it is a named party and represented in a civil action under the Social Security Act. The Committee decided that civil actions should be covered.[4]

This view was confirmed during the floor debate in the House.[5]

Unlike the EAJA, section 206 of the Social Security Act does not authorize the award of attorneys' fees against the federal government. It only provides that, where a claimant is awarded past-due benefits, the claimant's attorney may collect a reasonable fee not in excess of 25% from his client's award:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the

---

1. 42 U.S.C. § 402(e).

2. 28 U.S.C. § 2412(d).

3. 42 U.S.C. § 406(b)(1).

4. H.R.Rep.No.1418, 96th Cong., 2d Sess. 12, reprinted in [1980] U.S.Code Cong. & Ad.News 4991.

5. See 17 Cong.Rec. H10,220 (Oct. 1, 1980).

court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.[6]

Unlike the EAJA and similar statutory attorneys' fee provisions, the attorney's fee comes out of funds that would otherwise have gone to his client. The purpose of this provision was only to limit contingency fees, which had become inordinately large, to 25% of the award, and also to ensure that lawyers were paid their fees by providing for certification of the fees by the Secretary; awards had sometimes been made to claimants without their attorneys' knowledge and claimants had on occasion failed to notify their attorneys and pay their fees.[7] The last sentence of the section, prohibiting the payment of other fees, was not addressed to attorneys' fees awarded against the United States, but rather was necessary to enforce the 25% limitation on the fees which lawyers could charge their clients. Without this last sentence, lawyers would have been able to make an end run around the 25% limitation by charging their clients directly for certain services in addition to the 25% contingency fee permitted under the statute out of the accrued benefits. Since the EAJA provides for fees against the United States, it does not conflict with the purpose of section 206 of the Social Security Act to regulate fee arrangements between claimants and their attorneys. The exclusive language of section 206 applies to fees allowed by the Court against the judgment in favor of the client, not to fees to be assessed against the United States pursuant to the EAJA.

The government relies on conditional language in the EAJA that makes the Act subject to other statutes. Section 2412(d)(1)(A) provides: "except as otherwise specifically provided by statute . . . ."; and section 206 of the Act states:

> Nothing in section 2412(d) . . . alters, modifies, repeals, invalidates, or supersedes any other provision of Federal law which authorizes an award of such fees and other expenses to any party other than the United States that prevails in any civil action brought by or against the United States.[8]

The legislative history makes clear that this conditional language of the EAJA is meant only to prevent it from applying where other federal statutes already authorize fee awards *against the federal government*:

> Moreover, this section is not intended to replace or supercede any existing fee-shifting statutes such as the Freedom of Information Act, the Civil Rights Acts, and the Voting Rights Act in which Congress has indicated a specific intent to encourage vigorous enforcement, or to alter the standards or the case law governing those Acts. It is intended to apply only to cases (other than tort cases) where fee awards *against the government* are not already authorized.[9]

Since section 206 of the Social Security Act does not authorize fee awards against the government, the conditional language of the EAJA does not foreclose its application to social security cases.

---

**6.** 42 U.S.C. § 406(b)(1).

**7.** *See* S.Rep.No.404, 89th Cong., 1st Sess. 422, *reprinted in* [1965] U.S.Code Cong. & Ad.News 2062; Hearings on H.R. 6675 Before the Sen. Comm. on Finance, 89th Cong., 1st Sess. 512–13 (quoted in *Dawson v. Finch*, 425 F.2d 1192, 1194 (5th Cir. 1970)).

**8.** EAJA, Pub.L.No.96–481, Title II, § 206, 94 Stat. 2330 (1980).

**9.** H.R.Rep.No.1418, 96th Cong., 2d Sess. 18, *reprinted in* [1980] U.S.Code Cong. & Ad.News 4997 (emphasis supplied).

The government's argument would leave plaintiff's attorneys without any fees; it would create, with respect to attorneys representing indigent plaintiffs who were denied their just claims by governmental agencies, a no-man's land contrary to clearly expressed congressional purposes manifested in recent statutes intended to encourage legal representation of such persons and in the public interest.[10] The government insists that their exclusive remedy is under the Social Security Act, yet fees under that Act are conditional on the award of past-due benefits to the plaintiff, and in the case at bar there will be no such award unless plaintiff prevails on the remand to the Agency. The Agency's error forced plaintiff and her attorneys into this Court, and their persistence resulted in correction of the error. Denial of fees to her attorneys for their services is inconsistent with the purposes of the Social Security Act and the EAJA. Accordingly, the Court finds that plaintiff's attorneys are entitled to the award of fees pursuant to the EAJA.[11]

The question remains as to the amount of the fees, which must reflect fair and reasonable compensation for the services rendered. The attorneys in charge of the matter expended 13.75 hours and seek payment at the rate of $115 per hour, a total of $1,581.25, and also for four hours expended

on this application at the same rate, the award to go to The Legal Aid Society.[12] While the attorneys achieved a favorable result, the issues presented in the action were comparatively simple and as already noted the United States Attorney readily acknowledged the error of the administrative agency. The Court deems $75 per hour a fair and reasonable sum for the professional services required in advancing plaintiff's claim, a total of $1,031.25. Seventy-five dollars per hour is the maximum rate authorized under EAJA unless a higher fee is justified because of special factors.[13] The Court determines that an increase is not justified.

As to the preparation of the instant fee application, while an award is authorized, the benefits go exclusively to the attorney or to The Legal Aid Society. The preparation of the application required no special skill—in effect, the application is a description of the nature of the services rendered in this action and the time expended by the attorneys in their performance. Our Court of Appeals has suggested that with respect to this aspect of an application, allowances may be granted "sparingly."[14] The Court allows $50 per hour, totalling $200. The application is granted to the extent of allowing a total award of $1,231.25.[15]

So ordered.

**10.** *E.g.,* 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act); 28 U.S.C. § 1988 (Civil Rights Act); 28 U.S.C. § 2412(d) (EAJA); 42 U.S.C. § 19731(e) (Voting Rights Act).

**11.** *Accord, Edwards v. Schweiker,* No. C–80–3959 (N.D.Cal. Apr. 21, 1982); *Wolverton v. Schweiker,* 533 F.Supp. 420 (D.Idaho 1982); *Berman v. Schweiker,* 531 F.Supp. 1149 (N.D.Ill.1982). *But see Ritchie v. Schweiker,* No. C 80–4053 (N.D.Iowa Dec. 18, 1981); *Nichols v. Schweiker,* No. C–81–818R (W.D.Wash. Apr. 8, 1982).

**12.** It is stated that any fees awarded herein will be paid directly to The Legal Aid Society's Civil Division and that no individual attorney will receive any portion of the award. The Legal Aid Society qualifies as a party to the action under 28 U.S.C. § 2412(d)(2)(B) as one described in the Internal Revenue Code, 26 U.S.C. § 501(c)(3).

**13.** 28 U.S.C. § 2412(d)(2)(A)(ii): "[A]ttorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

**14.** *Gagne v. Maher,* 594 F.2d 336, 344 (2d Cir. 1979), *aff'd,* 448 U.S. 122, 100 S.Ct. 2570 (1980).

**15.** The government's contention that plaintiff's attorneys are entitled to only those fees incurred after the effective date of the EAJA is without merit. The Act's effective date does not bar an award of fees incurred before October 1, 1981, so long as the matter was pending or commenced after that date. *United States v. Citizens State Bank,* 668 F.2d 444, 446 (8th Cir. 1982); *National Lawyers Guild v. Attorney General,* 94 F.R.D. 616, 620 (S.D.N.Y.1982)

(Sinclair, Mag.); *Edwards v. Schweiker,* No. C 80–3959, slip. op. at 3 (N.D.Cal. Apr. 21, 1982); *Wolverton v. Schweiker,* 533 F.Supp. 420, 423 (D.Idaho 1982); *Photo Data, Inc. v.*

*Sawyer,* 533 F.Supp. 348 (D.D.C.1982); *see Berman v. Schweiker,* 531 F.Supp. 1149 (N.D. Ill.1982).