**Alido VEGA, Plaintiff,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.**

**No. 81 Civ. 3511 (KTD).**

United States District Court, S.D. New York.

Feb. 2, 1983.

John D. Gorman, New York City, for plaintiff.

John S. Martin, Jr., U.S. Atty., S.D.N.Y., New York City, for defendant; Steven E. Obus, Asst. U.S. Atty., New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

On October 4, 1982, I reversed the Secretary's decision to terminate Mr. Vega's Social Security disability benefits. I held that the plaintiff "was not provided with a fair and adequate hearing before the Secretary [because he] did not understand his right to be represented by counsel and . . . the ALJ did not 'scrupulously and conscientiously' protect Mr. Vega [the plaintiff's] rights" as a *pro se* claimant. *Vega v. Schweiker,* 549 F.Supp. 713, 716 (S.D.N.Y.1982). Plaintiff now moves for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A).

The Secretary opposes plaintiff's attorney's fees' motion on two grounds: (i) that 42 U.S.C. § 406(b)(1) of the Social Security Act rather than 28 U.S.C. § 2412(d) of the EAJA applies to attorney's fees' motions in Social Security disability cases, and/or (ii) that if the EAJA does apply, the statutory standard warrants a denial of plaintiff's motion.

### A. EAJA or Social Security Act?

EAJA section 2412(d) provides:

*Except as otherwise specifically provided by statute,* a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

The government argues that an award under the EAJA is preempted by the Social Security Act section 406(b)(1). The latter statute provides:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

In a recent Southern District case, Judge Weinfeld addressed this same issue, and in a well-reasoned opinion concluded that an award under EAJA section 2412(d) was not precluded by the Social Security Act. *Ocasio v. Schweiker,* 540 F.Supp. 1320 (S.D.N.Y.1982). For many of the same reasons as my colleague, I hold that the EAJA standard applies to the instant motion.

The EAJA governs an award of attorneys' fees *against the United States* unless another statutory provision specifically addresses the fee question. Section 406(b)(1) of the Social Security Act does not address the issue of attorneys' fees' awards *against the United States.* Rather, it regulates attorneys' fees' arrangements between claimant and attorney. During the legislative development of the EAJA, the Senate bill made section 2412(d) expressly inapplicable to Social Security disability civil action determinations. The House Report on the house bill, on the other hand, states that "[t]here was much discussion whether the United States should be liable when it is a named party and represented in a civil action under the Social Security Act. The Committee decided that civil actions should be covered." H.R.Rep. No. 1418, 96th Cong., 2d Sess. 12, *reprinted in* 1980 U.S. Code Cong. & Ad.News 4991. The House bill's language was adopted in the statute as finally and presently enacted. Therefore, I adopt the House legislative history and apply the standard set out in section

2412(d) to determine whether attorney's fees should be awarded in the instant case.

## B. Were the Government's Actions "Substantially Justified"? [1]

An award of attorneys' fees herein is only warranted if the government's defense of this suit was not substantially justified. Plaintiff contests the government's justification for its defense of his suit.

The legislative history suggests that the substantial justification standard was a compromise between advocates of an automatic fee award to prevailing parties, and advocates of awarding fees only when governmental action was "arbitrary, frivolous, unreasonable or groundless ...." H.R. Rep. No. 1434, 96th Cong., 2d Sess. 10, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4993. Thus, it was an "acceptable middle ground." *Id.* More specifically, the House Report stated that to avoid an award to the plaintiff the government must show its actions "had a reasonable basis in law and fact." *Id.* 4989.[2]

Some courts have required a finding slightly more stringent than "reasonableness." *See Nunes-Correia, supra.* Applying either standard in the present case requires an award of attorney's fees. To determine whether the government's action had a reasonable basis in law and fact requires familiarity with my earlier opinion in this case. In essence, the case was remanded for failure of the Administrative Law Judge to give plaintiff a fair and adequate hearing. The issue was not one of legal interpretation. The evidence clearly established that it was necessary to remand the case because the Secretary had neglected his duty to provide the non-English speaking, essentially uneducated claimant, who was not represented by an attorney, an adequate opportunity to present his claim. Under such circumstances the government's

defense of plaintiff's request for remand was not substantially justified.

## C. Amount of Fee

The final issue concerns the amount of the fee award. Plaintiff seeks $2,925 for twenty-nine and a quarter hours of work at $100 per hour. The statute provides a maximum rate of $75 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the procedures involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). I do not find that the present situation warrants an increase above the statutory maximum. *See Ocasio v. Schweiker, supra,* at 1323.

Plaintiff's request for attorney's fees includes three and a half hours for preparation of the instant motion. Reimbursement for these hours is also appropriate. *See Gagne v. Maher,* 594 F.2d 336, 344 (2d Cir. 1979), *aff'd,* 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980). Therefore, the fee award is calculated by multiplying twenty-nine and a quarter hours by $75 per hour to arrive at a total of $2,193.75.

In sum, plaintiff's motion is granted, and defendant is assessed $2,193.75 in attorney's fees.

---

1. The statute also provides that fees should not be awarded when to do so would be unjust. The government does not argue, nor do I find, special circumstances that would make it unjust to award fees in the instant case.

2. The language is the same as that used in Fed.R.Civ.P. 37(a). The different contexts, however—discovery on the one hand and civil suits such as the instant case on the other— make the analogy less than instructive. *See also Nunes-Correia v. Haig,* 543 F.Supp. 812, 817 (D.D.C.1982).