Eugenia SAN FILIPPO, Plaintiff,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. 81 CIV 0154.**

United States District Court, E.D. New York.

May 4, 1983.

---

ORDER

McLAUGHLIN, District Judge.

On August 16, 1982, adopting the findings contained in the Report and Recommendation of United States Magistrate A. Simon Chrein, I reversed the decision of the Secretary of Health and Human Services (the "Secretary"), and remanded the case for the calculation of plaintiff's benefits under the Social Security Act, 42 U.S.C. § 405(g). Counsel for plaintiff, Brooklyn Legal Services Corporation B, now moves for an award of attorney's fees, pursuant to the Equal Access to Justice Act, ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) (1980).[1]

The EAJA provides, in relevant part, that a Court:

> shall award to a prevailing party other than the United States fees and expenses . . . incurred by that party in any civil action . . . . brought by or against the United States . . . . unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. . . .

28 U.S.C. § 2412(d)(1)(A).

The Secretary opposes an award of attorney's fees on the following grounds: (1) the Government's position in attempting to sustain the Secretary's denial of benefits was "substantially justified"; (2) the attorney's fees were not "incurred" by plaintiff because she was represented by a legal services organization free of charge; and (3) in

the event that an award is granted, no award should be made for legal services performed prior to the effective date of the EAJA. The request for attorney's fees is granted.

(1) The Congressional Committee reports on the EAJA indicate that "[t]he test of whether or not Government action is substantially justified is essentially one of reasonableness. Where the Government can show its case had a reasonable basis both in law and in fact, no award will be made."[2] H.Rep. No. 96–1418, p. 10, 96th Cong.; 2d Sess., *reprinted in* [1980] U.S.Code Cong. & Ad.News 4953, 4984, 4989; *see also* S.Rep. No. 96–253, 96th Cong., 1st Sess. By placing the burden on the Government to prove the reasonableness of its position, the EAJA is "intended to caution agencies to carefully evaluate their case and not to pursue those which are weak or tenuous." H.Rep. No. 96–1418 at 14, *reprinted in* [1980] U.S.Code Cong. & Ad.News at 4993.

When the Secretary has applied the proper legal principles, judicial review is limited to the question whether the findings of fact are supported by substantial evidence. *Parker v. Harris,* 626 F.2d 225, 231 (2d Cir.1980); *Chiappa v. Secretary of Dept. of Health, Education and Welfare,* 497 F.Supp. 356, 359 (S.D.N.Y.1980). This question is usually "not wholly free from doubt" because of conflicting evidence in the record. *See Smith v. Schweiker,* 563 F.Supp. 891, (E.D.N.Y. 1982). The Government's attempt to sustain the administrative decision may therefore be reasonable, even if the Court ultimately determines that the decision was not supported by substantial evidence. *See Wolverton v. Schweiker,* 533 F.Supp. 420, 425 (D.Id.1982) (Government's attempt to sustain Secretary's decision reasonable unless *no* evidence in the record supported decision).

---

1. Counsel for plaintiff seeks an award in the amount of $3,525.00, representing 47 hours of legal services at the rate of $75.00 per hour.

2. The mere fact that the Government lost the case or that it had no substantial probability of

prevailing does not raise a presumption that its position was not substantially justified. H.Rep. No. 96–1418, *supra,* at 10, *reprinted in* [1980] U.S.Code Cong. & Ad.News at 4989.

The issue in this case, however, is not merely whether the Secretary's decision is supported by substantial evidence. Rather, there is a serious question as to the correctness of the legal standard applied by the ALJ. Indeed, it is evident from the ALJ's statement of the law that he was proceeding under a legal principle that is contrary to the well-established law of this Circuit. *See* Report and Recommendation of Magistrate A. Simon Chrein, August 4, 1982, at 10–14.

The ALJ dismissed plaintiff's complaints of severe pain solely because, in his view, "the objective medical evidence does not demonstrate any condition or conditions which would be productive of severe pain." (Tr. at p. 83) The law in this Circuit is clear, however, that subjective pain may establish disability even where the pain is unsupported by clinical or medical findings. *McLaughlin v. Secretary of Health, Education and Welfare,* 612 F.2d 701, 704–05 (2d Cir.1980); *Marcus v. Califano,* 615 F.2d 23, 27 (2d Cir.1979).

Apart from his misconception of the law, the ALJ relied solely on the opinion of a medical advisor, Dr. Plotz, who reviewed plaintiff's medical records and observed her at the hearing, but never examined her. Dr. Plotz dismissed plaintiff's complaints of severe pain as exaggerated. While conceding that objective medical evidence indicated the existence of a spinal condition

that could produce some pain, he opined that the pain was not severe or disabling. The ALJ simply disregarded the opinions of plaintiff's two treating physicians, both of whom considered plaintiff to be "totally disabled" by her back condition and its accompanying pain. (Tr. at pp. 198, 199)

The ALJ thus contravened the Second Circuit's rule that, in the absence of substantial contradictory evidence, the opinion of a claimant's treating physician is binding on the Secretary. *Hankerson v. Harris,* 636 F.2d 893 (2d Cir.1980); *Chiappa v. Secretary, supra,* 497 F.Supp. at 360. The opinion of the medical advisor, evidently preferred by the ALJ because it conformed to his erroneous belief in the necessity of objective medical evidence of severe pain, did not constitute substantial evidence supporting a determination that plaintiff is not disabled.[3] Defendant's attempt to sustain a decision obviously lacking "a reasonable basis both in law and in fact", H.R.Rep. No. 96–1418, p. 10, [1980] U.S.Code Cong. & Ad.News 4984, 4989, was thus not substantially justified.[4]

(2) Defendant next contends that no award of attorney's fees should be made because plaintiff did not "incur" any attorney's fees since she was represented by Brooklyn Legal Services Corporation B, a government-funded organization providing free legal services to indigent persons.[5]

**3.** It is difficult to understand how the ALJ could have found plaintiff not disabled in light of the other evidence in the record. For example, according to the ALJ's own summary of the vocational expert's testimony, "[i]f [the vocational expert] disregarded the claimant's testimony [regarding her pain] and assumed only the objective medical evidence and also assumed that her conditions caused her *moderate* pain and discomfort, she would have been unemployable since March, 1976, considering her age, minimal education, and language barrier." (Emphasis added) (Tr. at 81).

**4.** This application also includes a request for attorney's fees incurred in the initial phase of this case. In 1976, plaintiff had requested a hearing but, without the assistance of a translator or counsel, waived her right to appear in person at the hearing. The ALJ determined from the evidence submitted by plaintiff that

she was not disabled. Plaintiff then brought an action to review the Secretary's denial of benefits. The District Court remanded the case for a new hearing, finding that plaintiff had been prejudiced at the hearing by an uninformed waiver of her right to appear at the hearing, and because of serious gaps in the record. I find that defendant's attempt to sustain that decision was also not substantially justified, because the ALJ neglected his duty to assist the *pro se* plaintiff and adequately develop the record. *See Fernandez v. Schweiker,* 650 F.2d 5, 8 (2d Cir.1981); *Cutler v. Weinberger,* 516 F.2d 1282, 1286 (2d Cir.1975).

**5.** This organization is funded by the National Legal Services Corporation, which "in turn is funded almost entirely by federal dollars." Memorandum of Law in Opposition to Plaintiff's Motion for an Award of Attorney's Fees, filed December 6, 1982, at 26, n. 5.

Defendant argues that individuals whose poverty makes them eligible for government-funded legal assistance are not among the intended beneficiaries of the EAJA's fee-shifting provisions, because they do not "incur" any legal fees and thus are not subject to the "economic deterrents to contesting governmental action" that the EAJA was designed to eliminate. According to the defendant, a government-funded legal services organization is not entitled to a fee award under the EAJA because an award in these circumstances would, in effect, duplicate the payment for the legal services already received from the government.

Conceding that government-funded legal services organizations have qualified for awards of attorney's fees under other federal fee-shifting statutes,[6] the defendant asserts that the EAJA's fee-shifting provisions are not as broad in language or purpose, because the language of those statutes allowing attorney's fees to legal services organizations does not speak in terms of parties who have "incurred" such fees. Defendant also concedes that the vital federal interest in redressing unlawful discrimination and enforcing civil rights justifies the compensation of legal services organizations that assist in the vindication of these rights, but asserts that the EAJA's primary purpose of removing the economic deterrent to contesting unreasonable governmental action is less compelling. Accordingly, suits brought under the EAJA by legal services organizations are undeserving of such reimbursement.

An examination of the legislative history of the EAJA is not determinative. The meaning of "incurred" is not mentioned in that history, but it is stated that the computation of attorney's fees is to be made "without reference to the fee arrangements between the attorney and client." S.Rep. No. 96–253 at 16–17, H.R.Rep. No. 96–1418 at 15, *reprinted in* U.S.Code Congressional & Admin.News at 4994. Furthermore, Congress expressly provided that fee awards were available in civil actions under the Social Security Act, H.Rep. No. 96–1418 at 12; 1980 U.S.Code Cong. & Admin.News at 4991.

A persuasive analogy is found in the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (1976). FOIA's fee-shifting provision states that "the court may assess against the United States reasonable attorney's fees .... reasonably *incurred* in any case under this Section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E) (emphasis added). Cases construing this statute have indicated, albeit in dicta, that this language would not prohibit an award to legal services organizations. *See Crooker v. U.S. Dept. of Treasury,* 634 F.2d 48, 49 n. 1 (2d Cir.1980); *Cunningham v. F.B.I.,* 664 F.2d 383 (3d Cir.1981). *See Hornal v. Schweiker,* 551 F.Supp. 612 (M.D.Tenn.1982) (allowed attorneys fees under same rationale to legal clinic that represented without charge plaintiff who obtained reversal of Secretary's denial of benefits). The same result should obtain here.[7]

Defendant's contention that a plaintiff who is represented without charge by a legal services organization suffers no economic deterrent to litigation and is therefore not an intended beneficiary of the statute, is flawed. Government funds for legal services organizations are limited. Affirmation of Jane Greengold Stevens, October 6, 1982, para. 2. Operating with limited resources, legal services organizations would naturally be constrained to devote their energies to the kinds of suits in which

---

6. The Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988; the Voting Rights Act, 42 U.S.C. § 1973e, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621(b), 626(b) have been construed to allow the award of attorney's fees to government-funded legal services organizations. *See Dennis v. Chang,* 611 F.2d 1302 (9th Cir.1980); *Rodriguez v. Taylor,* 569 F.2d 1231 (3d Cir.

1977); *Torres v. Sachs,* 538 F.2d 10 (2d Cir. 1976).

7. Under the EAJA, fees have been awarded to legal services organizations without discussion of these arguments. *See Ocasio v. Schweiker,* 540 F.Supp. 1320 (S.D.N.Y.1982); *Underwood v. Pierce,* 547 F.Supp. 256 (C.D.Cal.1982).

fee awards are available. If fee awards were unavailable under the EAJA, legal services organizations would obviously be disinclined to represent a prospective plaintiff wishing to contest unreasonable government action.

This result does not seem consistent with the legislative history of the EAJA, which states that:

> [a] party who chooses to litigate an issue against the Government is not only representing his or her own vested interest, but is also refining and formulating public policy ... the expense of correcting error on the part of the Government should not rest wholly on the party whose willingness to litigate or adjudicate has helped to define the limits of Federal authority. Where parties are serving a public purpose, it is unfair to ask them to .... bear the costs of vindicating their rights.

1980 U.S.Code Cong. & Admin.News, at 4988-89.

■ I conclude, therefore, that an award of attorney's fees to a government-funded legal services organization is permissible under the EAJA. Further, I find no special circumstances that would make an award unjust.

■ (3) Defendant's final point, that the doctrine of sovereign immunity bars an award of attorney's fees for work performed prior to October 1, 1981, is without merit. The EAJA took effect on October 1, 1981 and was made applicable to "any civil action .... which is pending on, or commenced on or after such date." 28 U.S.C. § 2412 (note). This statutory language constitutes an express waiver of sovereign immunity in all EAJA actions that were pending on October 1, 1981. *See MacDonald v. Schweiker,* 553 F.Supp. 536 (E.D.N.

Y.1982); *Ocasio v. Schweiker,* 540 F.Supp. 1320, 1323 n. 12 (S.D.N.Y.1982).

Accordingly, I award $3,075.00, representing 41 hours of legal work at the rate of $75.00 per hour, to Brooklyn Legal Services Corporation B.[8]

SO ORDERED.

---

**8.** I disallow, however, an award of fees for six additional hours spent by plaintiff's attorneys to compel compliance with this Court's previous Order dated August 16, 1982, which directed a calculation of disability benefits owed to plaintiff. I find that the delay in the calculation of benefits was occasioned by clerical error in the office of General Counsel, Department of Health and Human Services, and not by any fault of the Assistant United States Attorney, who promptly fulfilled her duties pursuant to the Order. Declaration of Laura R. Handman at p. 2–4 (January 13, 1982).