Edward CUNNINGHAM

v.

Margaret HECKLER, Secretary of Health and Human Services.

Civil No. N–82–594(PCD).

United States District Court, D. Connecticut.

June 21, 1984.

---

Allan B. Rubenstein, New Haven, Conn., for plaintiff.

Kurt F. Zimmermann, Asst. U.S. Atty., New Haven, Conn., for defendant.

## RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

DORSEY, District Judge.

Plaintiff moves for attorney's fees in the amount of $1612.50 ($75.00 × 21.5 hrs.) and for costs of $60.00 under the Equal Access to Justice Act, 28 U.S.C. § 2412.

On March 23, 1984, this court granted plaintiff's motion for an order reversing the decision of the secretary, who had terminated plaintiff's social security disability insurance benefits, and restoring Mr. Cunningham's benefits as of April 1981, the date they were terminated. In reversing the secretary's decision and thus holding that Mr. Cunningham was disabled, this court held that "[t]here [was] no substantial evidence in the record to the contrary" (Ruling, p. 10), and that the evidence before the Administrative Law Judge (ALJ) had been sufficiently developed so that "[n]o useful purpose would be served ... for a remand for evidentiary proceedings." Therefore, the court reversed the secretary's decision and remanded the case to the secretary solely for calculation and payment of benefits.

■ The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (d)(1)(A) provides that:

[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

The EAJA is applicable to Social Security actions. "Nothing in the EAJA expressly excludes its application to social security cases, and the legislative history makes explicit Congress' intent that, while the EAJA does not apply to administrative proceedings under the Social Security Act, it does cover civil actions to review social security decisions of the Agency." H.R. Rep. No. 1418, 96th Cong., 2d Sess. 12, reprinted in 1980 U.S.Code Cong. & Ad. News 4953, 4991. *Ocasio v. Schweiker*, 540 F.Supp. 1320, 1321 (S.D.N.Y.1982); *see DeLeon v. Secretary of Health & Human Serv.*, 734 F.2d 930, 938 (2d Cir.1984).

Title 42 U.S.C. § 406 of the Social Security Act, re: representation of claimant before the secretary, does not bar the application of the EAJA to Social Security cases before the district court, since § 406 is a fee limiting statute rather than a fee allocation statute. Section 406 is not inconsistent with the EAJA because it does not permit an award of attorney's fees against the United States, rather it "limits the amount which an attorney can take as a fee to 25% of the total amount of past-due benefits awarded his client." *Wolverton v. Schweiker*, 533 F.Supp. 420, 422–23 (D. Ida-

ho 1982); *Vega v. Schweiker*, 558 F.Supp. 52, 53 (S.D.N.Y.1983); *Ocasio*, 540 F.Supp. at 1322.

The EAJA is a fee shifting statute and if attorney's fees are awarded, they are in addition to the amount of the judgment not in diminution of the amount otherwise recovered. It is designed to insure that individuals are not deterred from 'seeking review of or defending against unreasonable governmental actions because of the expense involved in securing the vindication of their rights.' H.R.Rep. No. 1418, 96th Cong., 2d Sess. 18, reprinted in 1980 U.S.Code Cong. & Ad. News 4953, 4984.

*Watkins v. Harris*, 566 F.Supp. 493, 495 (E.D.Pa.1983).

Attorney's fees are not awarded under the EAJA if the court " 'finds that the position of the United States was substantially justified.' 28 U.S.C. § 2412(d)(1)(A)." *Boudin v. Thomas*, 732 F.2d 1107, 1115 (2d Cir.1984). The question arises as to what constitutes the government's position. In *Boudin,* relying on *Spencer v. NLRB*, 712 F.2d 539 (D.C.Cir.1983), *cert. denied, —— U.S. ——,* 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984), the Second Circuit held that " 'the position of the United States' refers only to the government's position when it litigates over an agency action." *Boudin*, at 1115. However, *Spencer* only applies to a minority of cases, which "take one of five forms," where it matters "whether a court, reviewing a petition for fees brought under the EAJA looks to the government's original behavior or to its subsequent legal arguments." 712 F.2d at 552. In this review for attorney's fees in a Social Security appeal, the distinction between the government's litigation position and its position in the underlying proceeding need not be made. A Social Security appeal is not one of *Spencer's* minorities, but rather is the usual type of case in which

the government acts in a particular fashion and then defends its conduct before an administrative agency and/or a court. Under such circumstances, the litigation position of the United States will almost

always be that its underlying action was legally justifiable.[46]

---

[46] Thus, for example, the Secretary of Health and Human Services frequently denies disability benefits; when such a denial is challenged before a district court, the Secretary argues that his ruling was consistent with the law.

*Spencer*, 712 F.2d at 551–52 n. 46.

Therefore, in a Social Security appeal such as this, the award of attorney's fees under the EAJA depends on whether "the Government's position in attempting to sustain the Secretary's denial of benefits was 'substantially justified.' " *San Filippo v. Secretary of Health & Human Serv.*, 564 F.Supp. 173, 174 (E.D.N.Y.1983).

The Congressional Committee reports of the EAJA indicate that '[t]he test of whether or not Government action is substantially justified is essentially one of reasonableness. Where the Government can show its case had a reasonable basis both in law and in fact, no award will be made.' (footnote omitted) H.Rep. No. 96–1418, p. 10, 96th Cong.; 2d Sess., reprinted in [1980] U.S.Code Cong. & Ad. News 4953, 4984, 4989; see also S.Rep. No. 96–253, 96th Cong., 1st Sess. By placing the burden on the Government to prove the reasonableness of its position, the EAJA is 'intended to caution agencies to carefully evaluate their case and not to pursue those which are weak or tenuous.' H.Rep. No. 96–1418 at 14, reprinted in [1980] U.S.Code Cong. & Ad. News at 4993.

*San Filippo*, 564 F.Supp. at 174.

The legislative history suggests that the substantial justification standard was a compromise between advocates of an automatic fee award to prevailing parties, and advocates of awarding fees only when governmental action was 'arbitrary, frivolous, unreasonable or groundless ...' H.R.Rep. No. 1434, 96th Cong., 2d Sess. 10, reprinted in 1980 U.S.Code Cong. & Ad.News 4993.

*Vega v. Schweiker*, 558 F.Supp. at 54.

"The mere fact that the Government lost the case or that it had no substantial probability of prevailing does not raise a pre-

sumption that its position was not substantially justified. H.Rep. No. 96–1418, supra, at 10, reprinted in [1980] U.S.Code Cong. & Ad.News at 4989." *San Filippo*, 564 F.Supp. at 174, n. 2. However, the "burden of establishing substantial justification is upon the government." *Moholland v. Schweiker*, 546 F.Supp. 383, 386 (D.N.H. 1982). If the government " 'can show its case had a reasonable basis both in law and in fact, no award will be made.' (footnote omitted) H.Rep. No. 96–1418, p. 10, 96th Cong.; 2d Sess., reprinted in [1980] U.S. Code Cong. & Ad.News 4953, 4984, 4989; see also S.Rep. No. 96–253, 96th Cong., 1st Sess." *San Filippo*, 564 F.Supp. at 174.

 In its earlier ruling, the court held that the secretary's decision denying benefits was not based on substantial evidence and that there was sufficiently developed evidence to establish plaintiff's entitlement.[1] Therefore, the court rejected the government's argument that the ALJ's decision was consistent with the required legal standard of substantial evidence.

■ In this ruling on attorney's fees this court holds that the government has not met its burden of demonstrating that its pursuit of an order affirming the decision of the secretary was substantially justified. The government has not shown that its case before this court had a reasonable basis both in law and in fact. Therefore attorney's fees under the EAJA are awarded.

` "Bureaucratic constraints" such as the United States Attorney's Office's "authority to represent the United States" in Social Security appeals, "may excuse the conduct of individual attorneys" but such constraints "are precisely what the EAJA was

designed to change." *Spencer*, 712 F.2d at 558.

■ Plaintiff's motion under the Equal Access to Justice Act, 28 U.S.C. § 2412, is granted.[2] The sum of $1612.50 is found to constitute reasonable attorney's fees as is $60.00 in costs, and plaintiff's request is thus granted.

SO ORDERED.

---

1. A Social Security disability claimant whose case is remanded to the secretary for the taking of additional evidence on a disability claim is not a prevailing party and is not entitled to an award of attorney's fees under the EAJA. *McGill v. Secretary of Health & Human Serv.*, 712 F.2d 28, 31 (2d Cir.1983), *cert. denied,* — U.S. —, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984). However, attorney's fees have been awarded where the court has determined that plaintiff was entitled to an award of benefits. *Id.*

2. The sum of $1612.50 equals $75.00 × 21.5 hours. "The statute provides a maximum rate of $75 per hour 'unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the procedures involved, justifies a higher fee.' 28 U.S.C. § 2412(d)(2)(A)(ii)." *Vega*, 558 F.Supp. at 54. As in *Vega*, the present situation does not warrant an increase above the statutory maximum.