**Angela J. DiGENNARO, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**No. CV 79–2535.**

United States District Court, E.D. New York.

Aug. 4, 1987.

Andrew J. Maloney, U.S. Atty., E.D. New York, Thomas A. Jones, Jr., Sp. Asst. U.S. Atty., Brooklyn, N.Y., for U.S.

BLS Legal Services Corp., Brooklyn, N.Y., Kathleen A. Sullivan, Clinical Instructor, for plaintiff.

## MEMORANDUM OF DECISION AND ORDER

MISHLER, District Judge.

Plaintiff's counsel, BLS Legal Services Corp.,[1] ("BLS") brings this motion under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), to recover attorney's fees for services rendered in successfully representing plaintiff in seeking judicial review of defendant's decision denying Social Security Disability and Supplemental Security Income ("SSI") benefits to the plaintiff. Pursuant to an order of this court on May 15, 1986, this case was remanded for a second time for reconsideration of plaintiff's eligibility, with payment of interim benefits awarded. On the second remand, the Appeals Council on December 19, 1986 reversed the decision of the Administrative Law Judge, finding plaintiff's severe schizophrenic disorder disabling[2] and awarded plaintiff Social Security Disability Benefits

---

1. BLS is the name for the legal services clinic facility at Brooklyn Law School.

2. Plaintiff was found to have severe schizophrenia with paranoid and phobic features, specifically, chronic agoraphobia which involves an abnormal fear of open spaces that can result in an inability to leave one's home.

retroactive to 1977 and SSI benefits retroactive to 1978.

By stipulation entered into March 31, 1987, the parties agreed to the entry of final judgment in favor of plaintiff. Plaintiff's counsel now moves for an award of attorney's fees in the amount of $3,262.50 for 130.5 hours claimed at the rate of $25 per hour for work done by Cynthia A. Fissel and Paul Balukas, law students working at BLS, over the course of three months. The Secretary argues that the award should be denied as uncompensated law students are not entitled to attorney fees under the EAJA. In the alternative, the Secretary argues that the number of hours claimed (130.5 hours) are excessive, and should be reduced by the court.

## DISCUSSION

Under the EAJA, a court shall award attorney's fees to a prevailing party in a suit against the United States unless the court finds that the position of the United States was substantially justified or that special circumstances make such an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Aston v. Secretary of Health & Human Services*, 808 F.2d 9, 10 (2d Cir.1986). The government bears the burden of showing that its position was substantially justified and the test of its justification is "essentially one of reasonableness." *Environmental Defense Fund, Inc. v. Watt*, 722 F.2d 1081, 1085 (2d Cir.1983).

■ Plaintiff is clearly a "prevailing party" because she has established her entitlement to Social Security Disability and SSI benefits. *See McGill v. Secretary of Health & Human Services*, 712 F.2d 28, 31–32 (2d Cir.1983), *cert. denied*, 465 U.S. 1068, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984). The government, however, has failed to show that its position was substantially justified.

We find that the position of the government was not substantially justified because the underlying agency action and the government's litigation position were unreasonable. This court has twice determined that the government's position was not supported by substantial evidence.[3]

The ALJ who presided at the March 9, 1979 administrative hearing failed to satisfy her duty to fully and fairly develop the record as required in this case, *see San Filippo v. Secretary of Health & Human Services*, 564 F.Supp. 173, 175 n. 4 (E.D.N.Y.1983) (citing *Fernandez v. Schweiker*, 650 F.2d 5, 8 (2d Cir.1981)), and, in essence, substituted her own subjective evaluation of the plaintiff for the objective medical evidence. (*See Magistrate's Report and Recommendation* at 10.)

■ An administrative hearing officer has a heightened duty to fully and fairly develop the facts in a case such as this where the plaintiff appears *pro se*, *see Lopez v. Secretary of the Department of Health & Human Services*, 728 F.2d 148, 149–50 (2d Cir.1984); *Gold v. Secretary of Health, Education & Welfare*, 463 F.2d 38, 43 (2d Cir.1972), and suffers from a psychiatric impairment which affects her ability to submit to treatment and to present her case. *See Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir.1980).

Upon remand, the defendant ignored the directive of this court which was based on the findings and recommendations of the Magistrate, and again failed to develop the record by consulting the doctors who had already examined Ms. DiGennaro. Instead, the second ALJ ordered additional consultative psychiatric examinations. When the claimant failed to keep these appointments, ostensibly because of her psychiatric impairment, the ALJ recommended denial of benefits based solely on the theory that plaintiff did "not have a good reason for failing or refusing to take part in a consult-

3. *See DiGennaro v. Bowen*, CV 79–2535, Memorandum of Decision and Order, (E.D.N.Y. May 15, 1986) at 10. (unpublished opinion). ("Accordingly, it is our conclusion, once again, that the Secretary's finding that the plaintiff was not disabled within the meaning of the Act is not supported by substantial evidence."); and Mem-

orandum of Decision and Order (E.D.N.Y. February 16, 1982) (unpublished opinion) (adopting the Report and Recommendation of Magistrate Chrein which found the ALJ's decision not supported by substantial evidence for failure to fully develop the record; Magistrate's Report at 6)

ative examination." (Tr. at 118). When plaintiff sought judicial review of the second denial, the government maintained, in litigation, that it was justified in denying benefits based on plaintiff's failure to attend the examinations.

We find that the government's position was patently unreasonable for two reasons. First, the government ignored the explicit instructions of the court to obtain additional information from the doctors who had previously examined plaintiff. Second, the government denied benefits on the ground that she missed medical appointments without reason where the basis for plaintiff's non-appearance may well have been due to the very illness that caused her to seek benefits. *DiGennaro v. Bowen*, CV 79–2535, Memorandum of Decision and Order at 10 (E.D.N.Y. May 15, 1986) (unpublished opinion).

Furthermore, in its memorandum in opposition to attorney fees, defendant does not dispute plaintiff's assertion that it acted unreasonably and without substantial justification.

Thus, we conclude that plaintiff is eligible for an award of attorney's fees under the EAJA. We turn now to the question of availability of attorney's fees under the EAJA for services rendered by uncompensated law students.

### Attorney's Fees for Uncompensated Law Students

■ The defendant argues that attorney fees may not be awarded for time spent by uncompensated law students, citing *Zimmerman v. Schweiker*, 575 F.Supp. 1436, 1442 (E.D.N.Y.1983), where attorney fees were denied for services rendered by an unpaid law student who assisted plaintiff's attorney. In the present case, however, the two law students were themselves assigned to act as counsel for plaintiff by the *pro bono* panel of the Eastern District of New York, after direction by this court.

We find, for the reasons stated herein, that uncompensated law students working in a clinical program under supervision of an attorney pursuant to the Student Practice Rule of the Eastern District of New York and approved by the court, may be entitled to an award under the EAJA for their services as counsel to an indigent Social Security plaintiff.

### Pro Bono/Legal Services Groups

■ The legislative history of the EAJA, as well as strong public policy considerations compel this conclusion. Congress intended that attorney's fees should be paid under the EAJA, 28 U.S.C. § 2412, regardless of the fee arrangements between attorney and client where the government's position is not substantially justified. *See* H.R.Rep. No. 1418, 96th Cong., 2d Sess. at 15, *reprinted in* 1980, *U.S. Code Cong. & Admin. News* 4953, 4984, 4994.[4] It is well settled that attorneys who represent plaintiffs without charge may still be entitled to an award of attorney's fees under the EAJA. *Cornella v. Schweiker*, 728 F.2d 978, 986 (8th Cir.1984); *Ceglia v. Schweiker*, 566 F.Supp. 118, 123 (E.D.N.Y.1983); *Ocasio v. Schweiker*, 540 F.Supp. 1320, 1323 (S.D.N.Y.1982).

Furthermore, courts have consistently held that attorney fee awards should in no way be affected by the fact that legal representation is provided by members of legal service organizations and by public interest lawyers. *See Copeland v. Marshall*, 641 F.2d 880, 898–900 (D.C. Cir.1980) (en banc); *Palmigiano v. Garrahy*, 616 F.2d 598, 601–02 (1st Cir.), *cert. denied*, 449 U.S. 839, 101 S.Ct. 115, 66 L.Ed.2d 45 (1980); *Rodriguez v. Taylor*, 569 F.2d 1231, 1245 (3rd Cir.1977), *cert. denied*, 436 U.S. 913, 98 S.Ct. 2254, 56 L.Ed.2d 414 (1978); *Torres v. Sachs*, 538 F.2d 10, 13 (2d Cir.1976) ("We agree ... that allowable

---

**4.** Congress indicated that

... The computation of attorney fees should be based on prevailing market rates without reference to the fee arrangements between the attorney and client. The fact that attorneys may be providing services at salaries or hourly rates below the standard commercial rates

which attorneys might normally receive for services rendered is not relevant to the computation of compensation under the Act. H.R.Rep. No. 1418, 96th Cong., 2d Sess at 15, *reprinted in* 1980, U.S.Code Cong. & Admin. News at 4994.

fees and expenses may not be reduced because [the prevailing party's] attorney was employed … by a civil rights organization … or because the attorney does not exact a fee.") (citations omitted). *Tillman v. Wheaton-Haven Recreation Association, Inc.,* 517 F.2d 1141, 1148 (4th Cir.1975).

This court has previously acknowledged compelling policy reasons in favor of allowing EAJA awards to *pro bono* legal service groups, similar to BLS Legal Services. *See Ceglia v. Schweiker, supra,* 566 F.Supp. at 123; *see also San Filippo v. Secretary of Health & Human Services, supra,* 564 F.Supp. at 176. Allowing fee awards to *pro bono* counsel "serves to insure that legal service groups, and other *pro bono* counsel, have a strong incentive to represent indigent Social Security claimants" and is entirely "consistent with the goals of the Social Security Act and the EAJA." *Ceglia v. Schweiker, supra,* 566 F.Supp. at 123. Moreover, allowing recovery of fees to legal service groups providing *pro bono* services enhances their ability to assist indigent claimants in enforcing their rights. *Shadis v. Beal,* 685 F.2d 824, 830 (3rd Cir.), *cert. denied,* 459 U.S. 970, 103 S.Ct. 300, 74 L.Ed.2d 282 (1982); *Watkins v. Harris,* 566 F.Supp. 493, 499 (E.D. Pa.1983). Since legal service organizations operate with limited resources, if attorney fees were not available under the EAJA, it would discourage involvement in cases against government agencies and lead to reduced access to the judiciary for indigent individuals, a result which is inconsistent with the goals of the EAJA. *Cornella v. Schweiker, supra,* 728 F.2d at 986–87; *San Filippo v. Secretary of Health & Human Services, supra,* 564 F.Supp. at 177; *Ocasio v. Schweiker, supra,* 540 F.Supp. at 1323. Thus, the fact that plaintiff was represented by members of a legal services group who worked without pay may not bar payment of fees under the EAJA.

*Payment for Law Students/Law Clerks*

EAJA awards have repeatedly been allowed for services rendered by paid law students, law clerks and paralegals assisting attorneys. *See e.g., Holden v. Bowen,* 668 F.Supp. 1042 (N.D.Ohio, 1986); *Hyatt v. Heckler,* 618 F.Supp. 227, 233 (W.D.N.C.1985), *aff'd in part and rev'd in part,* 807 F.2d 376 (4th Cir.1986) (attorney's fees and expenses affirmed); *Glick v. United States Civil Service Commission,* 567 F.Supp. 1483, 1486 n. 5 (N.D.Ill.1983), *aff'd mem.,* 799 F.2d 753 (7th Cir.1986); *Hoopa Valley Tribe v. Watt,* 569 F.Supp. 943, 947 (N.D.Cal.1983); *Berman v. Schweiker,* 531 F.Supp. 1149, 1154 (N.D.Ill.1982), *aff'd,* 713 F.2d 1290 (7th Cir.1983); *NAACP v. Donovan,* 554 F.Supp. 715, 719 (D.D.C.1982).

In fact, the use of law students, law clerks and paralegals has been praised as a "cost efficient component of the modern practice of law," *Hoopa Valley Tribe v. Watt, supra,* 569 F.Supp. at 947. Denying compensation for a student law clerk under the EAJA has been considered counter productive. *Berman v. Schweiker, supra,* 531 F.Supp. at 1154.

We see no reason to deny a fee award to a legal services organization for the supervised hours reasonably expended by uncompensated law-students working in a clinical facility, despite their receipt of academic credit instead of payment for their services. This very issue was discussed with eloquence and sound reasoning by the Court of Appeals for the District of Columbia Circuit in *Jordan v. United States Department of Justice,* 691 F.2d 514, 522–24 (D.C.Cir.1982).[5] In *Jordan,* the court explicitly rejected the government's arguments that work performed by unpaid law students at the legal services clinical facility of the Georgetown University Law Center, should not be compensated with an award of attorney's fees because the law-students were not authorized to practice law, did not receive remuneration so as to

---

**5.** In *Jordan* the case involved an application for an attorney fee award by a prevailing party under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, however, the court's analysis of the issues and reasoning can extend more broadly and can be applied to the case at bar.

impose expenses upon the clinic, and because fees for student work could not adequately discount for duplicative and unfruitful effort inherent in student practice. *Id.*

The court dismissed the notion that law-student services cannot form the basis for attorney fee awards because of their non-professional status, citing the recognized and widespread use of law-students by law firms and the authorization by state statutes and court rules for students to undertake functions of licensed attorneys under supervision. The court concluded that "we cannot condone a concept of attorney's fees so narrow as to exclude the work of law students simply because they are not yet members of the bar." *Id.* at 523.

Similarly, the court in *Jordan* rejected the notion that because law-students are unpaid, their services should not be compensable under the attorney fee-award provision because fee awards should be based on market value of the services rendered and not on the amount charged to the client or paid to the student as compensation. *Id.* at 524.

Lastly, the court dismissed the view that the potential for duplicative and unfruitful effort by law-students should act as a bar to recovery of a fee award.

Law students working pursuant to the Student Practice Rule of the Eastern District, under appointment by this court from the *pro bono* panel, provide a valuable service to their clients and the court. We agree with the reasoning of the court in *Jordan*, that allowing recovery for student work in law school clinics

> may promote the availability of lower-cost representation, with salutary effects on the burden of fee awards, on statutory efforts to remove barriers to litigation of meritorious claims, and on the market forces encouraging settlement in appropriate cases, as well as on the quality of legal education.

*Id.* at 524. (footnotes omitted).

This court has openly acknowledged that "claimants in these disability cases are generally poor. Obtaining counsel for them, even with the generous assistance of the *pro bono* panel of this district is quite difficult." *Zimmerman v. Schweiker, supra,* 575 F.Supp. at 1440. Although the court denied recovery for the law students in *Zimmerman,* it noted that fees for law students' time could be awarded where the court was informed of the law students' credentials and the rate of payment. *Id.* at 1442. In the instant case, Ms. Fissel and Mr. Balukas have clearly set forth their credentials in their respective affidavits and the fact that they received academic credit rather than salary should not prevent the court from awarding fees to the BLS Service. *See Jordan v. United States Department of Justice, supra,* 691 F.2d at 524. These law students made a significant contribution in plaintiff's case and achieved a major success for a plaintiff who had failed repeatedly as a *pro se* litigant. Under the representation of these law students, this plaintiff was ultimately awarded nearly $25,000 in retroactive disability and SSI benefits, and $400 per month in ongoing benefits. This court has acknowledged "that students in a clinical program recognized by this circuit are entitled to an award in appropriate circumstances." *Bello v. Secretary of Dep't. of Health & Human Services,*[6] CV 84–2915 (E.D.N.Y. May 16, 1986) (Sifton, J.) (unpublished opinion) (Exhibit A to Defendant's Memorandum in Opposition to Motion for Attorney's Fees).

Therefore, for the reasons stated herein, we find that BLS Legal Services Corp., as counsel for the plaintiff, is entitled to an award of attorney's fees for services performed by law students, Ms. Fissel and Mr. Balukas on behalf of the plaintiff.

*Amount of Award*

The defendant objects generally to the excessive number of hours claimed by plaintiff's counsel (130.5 hours) and specifically objects to any compensation for the

---

6. In *Bello,* the court declined to award attorney's fees because it found that the government's position, although eventually reversed, was still supported by substantial evidence and was not unreasonable under the EAJA.

time spent in telephone conversations with plaintiff's doctors, Welfare or Social Services workers, as well as with plaintiff, herself.

The EAJA, 28 U.S.C. § 2412(d)(2)(A) provides that the hourly rate for attorney's fees shall be based upon the prevailing market rate for the kind and quality of services provided, not to exceed $75 per hour, and further provides for adjustment of the hourly rate at the court's discretion, based on cost of living increases or other special considerations. *Jackson v. Heckler,* 629 F.Supp. 398, 405 (S.D.N.Y.1986).

The Supreme Court has emphasized that the district court should exercise its discretion in determining the amount of a fee award. *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). The starting point for fee determination is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Id.,* 461 U.S. at 433, 103 S.Ct. at 1939. In making this determination, the district court should exclude hours that are not "reasonably expended," i.e., hours that are excessive, redundant or otherwise unnecessary. *Id.* The district court may then adjust the fee upward or downward, based on other considerations, such as the degree of success and the novelty and difficulty of the questions considered. *Id.,* 461 U.S. at 434, 103 S.Ct. at 1940.

■ We find the rate of $25 per hour requested by plaintiff's counsel, reasonable as it conforms with rates approved under the EAJA for law students, law clerks and paralegals in similar cases. *See Louisville Black Police Officers Organization, Inc. v. City of Louisville,* 700 F.2d 268, 273 (6th Cir.1983), ($20 per hour for law students); *Johnson v. Meese,* 654 F.Supp. 270, 276 (E.D.Mich.1987) ($30 per hour for law clerks); *Holden v. Bowen, supra,* ($30 per hour for law clerks and paralegal services); *Hyatt v. Heckler, supra,* 618 F.Supp. at 233 ($30 per hour for a law student); *N.A. A.C.P. v. Donovan, supra,* 554 F.Supp. at 719 ($35 per hour for a law student).

While the hourly rate is reasonable, we find the number of hours claimed (130.5) is

excessive. In cases of this nature, compensated hours generally range from twenty to forty hours. *See, e.g., Wohl v. Secretary of Health & Human Services,* CV 82–1312 (E.D.N.Y., Dec. 3, 1986) (unpublished opinion) (35 hours); *Garitta v. Bowen,* CV 82–1273 (E.D.N.Y. Oct. 8, 1986) (unpublished opinion) (33.5 hours); *Ceglia v. Schweiker, supra,* 566 F.Supp. at 125 (20 hours); *Vega v. Schweiker,* 558 F.Supp. 52, 54 (S.D.N.Y.1983) (29.25 hours); *San Filippo v. Secretary of Health & Human Services, supra,* 564 F.Supp. at 177 (41 hours).

■ There are, however, special factors in this case which justify granting an award for a greater than average number of hours. First, the nature of Ms. DiGennaro's disability required some additional time for telephone communications as her agoraphobia prevented her from leaving her apartment, or even talking to anyone in her apartment except through a closed door. Second, since counsel were brought in at the District Court level, years after the claim was instituted on a *pro se* basis, there were numerous documents and transcripts to be reviewed. Third, counsel needed to reconstruct and supplement medical and psychiatric evidence from examinations conducted eight (8) years earlier, due to the failure of the ALJ to do so.

Defendant specifically objects to *any* compensation for the following three itemized areas.

■ 1. *A Total of 13.8 hours spent on telephone conversations with plaintiff.* Considering the nature of the claimant's disability, and her difficulty relating to people due to her psychiatric disorder, it was necessary to spend some time advising her of the status of her case by telephone. However, counsel may not be compensated under the EAJA for excessive or unnecessary conferences with a client. *Glick v. United States Civil Service Commission, supra,* 567 F.Supp. at 1487. Accordingly, we disallow 0.7 hour for a conversation about meals on wheels and reduce the remaining hours from 13.1 to 2.0 hours.

■ 2. *3.5 hours spent in telephone conversations and writing letters to Dr.*

*Ferguson and Dr. Miller.* Defendants argue that the additional information obtained from these doctors was used only for the Appeals Council, not the District Court proceeding. We disagree. The letters obtained by plaintiff's counsel from Drs. Ferguson and Miller regarding the plaintiff's disability, its duration and the prognosis for recovery, were appended to their Memorandum and the information contained in the letters was incorporated into the Memorandum to strengthen the argument on plaintiff's behalf before this court. See Plaintiff's Memorandum at 18. Accordingly, we allow for the time spent by counsel on communications with the doctors.

■ 3. *2.5 hours spent on conversations with various welfare workers.* Defendant argues that time spent by counsel in conversations with welfare workers is not directly related to the lawsuit and should not be compensated. We find this argument persuasive. While information obtained from the welfare workers may have enhanced the case on remand to the Appeals Council, services rendered at the administrative level may not be compensable under the EAJA. *See* 28 U.S.C. § 2412(d); *McGill v. Secretary of Health & Human Services,* 712 F.2d 28, 30 (2d Cir. 1983), *cert. denied,* 465 U.S. 1068, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984). Therefore, we disallow the time spent by counsel on communicating with welfare workers.

■ Defendant also objects to the 3.0 hours claimed by Ms. Fissel for oral argument before the District Court. We cannot believe that the actual argument lasted three hours and assume that the students erroneously included their travel and waiting time. We, therefore, reduce this time as well.

■ The remaining 107.7 hours claimed for review of the case file, research and writing of memoranda, and preparation for oral argument, are clearly excessive. While the quality of the work and the degree of effort expended are commendable and impressive for law students, "extra time due to inexperience or lack of familiarity with the law and the particular factual patterns presented by Social Security cases cannot be compensated under this statute." *Bello v. Secretary of Department of Health & Human Services, supra,* at 7 (unpublished opinion).

We reduce the total number of compensable hours to forty-five (45) hours, at $25 per hour and award the sum of $1,125 to BLS Legal Services Corp. for services rendered by law students Fissel and Balukas in successfully representing the plaintiff before this court.

## ORDER

The application of BLS Legal Services Corp. for award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 is granted in the amount of $1,125, and it is

SO ORDERED.